The opinion of the court was delivered by
White, J.
On the twenty-fourth of March, 1874, W. E. F. St. Ferol sold to Therence Jack certain real estate in this city; the credit price-being evidenced by four notes of the purchaser.
On the sixteenth November, 1878, proceedings were instituted on two-of the purchaser’s notes by G. W. Reine, and in accordance with the prayer of the petition, which was filed in the Fifth District Court, executory process issued. On the same day like proceedings on the other two notes were commenced in the Fourth District Court at the instance of A. Gamier.
The defendant enjoined the proceedings in the Fourth District Court. Pending the decision of the injunction suit, the property was seized and sold by the sheriff, under the writ issued from the Fifth District Court, under which the first seizure had been made.
Gamier took a rule in the Fourth District Court to distribute tho proceeds of the sale. The rule was excepted to on the ground, among others, of want of jurisdiction rañone materice. The exceptions were maintained and the rule was dismissed. Thereafter, the injunction was dissolved and the suit in which it issued was decided in favor of the defendant therein. Gamier then, by motion, in the Fifth District Court» sought as a third opponent to have the proceeds of the sale applied to the two notes held by him. Reine, the seizing creditor, excepted to the proceeding by motion. , The issue was tried, and the lower court, eon- *860 eluding that the claim of the. seizing creditor was concurrent with that of the third opponent, directed the ratable distribution of the fund. The seizing creditor appealed., and the third opponent answers asking that his priority be recognized. Ve shall notice first the grounds relied on by the appellant for reversing the judgment, and then those urged by the appellees for its amendment. ,
1. The third opposition was correctly taken by motion. C. P. 398
2. The judgment on the rule in the Fifth District Court was not res adjudicata; it simply dismissed the rule .by maintaining the exception ; it was at -best a nonsuit.
3. The claimed payment of the notes of the third opponent has not been shown; on the contrary, we think the proof adequately establishe s that when they were obtained by the third opponent they were bought by him for his account, and that at the time he used his money to acquire the notes he was a second mortgage creditor, and, therefore’ legally subrogated. C, C. 2161.
The fact that the person holding a series of mortgage notes after transferring some of them can not be allowed, in the event of the inadequacy of the proceeds, to compete in the distribution with the person holding the transferred notes, is not the measure of the rights of transferrees, inter sese. Adams vs. Leat, 3 A. 144; Perot vs. Lavasseur, 21 A. 529. Nor do we think the fact that one of the holders acquired after maturity makes his position an exceptional one, as we consider to have been correctly decided in Perot vs. Lavasseur. The equitable or quasi equitable estoppel applied to one who had transferred in Salzman vs. Creditors, 2. R. 243, is in no sense an equity against the note in the hands of a transferree; nor is such transferree subject as the holder of the note to the estoppel, which, as applied in the Salzman and other cases, is not a defense to the note, but simply an estoppel, good against a transferrer when he seeks to compete with his transferree, but not applicable to transferrees between themselves.
Judgment affirmed with costs.